UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDGARD JUSTINIANO,

                        Plaintiff,

                                                            9:11-CV-0995
        -v-                                                     (DNH)(TWD)

BARE HILL CORRECTIONAL FACILITY,

                        Defendant.
_____

APPEARANCES:

EDGARD JUSTINIANO
Plaintiff pro se
07-A-3256
Otisvill Correctional Facility, Box 8.
Otisville, NY 10963

DAVID N. HURD
United States District Judge

## DECISION and ORDER

**I.    Introduction**

      Plaintiff Edgard Justiniano commenced this action by filing a civil rights complaint together with an application to proceed in forma pauperis. Dkt. Nos. 1, 2. By Decision and Order, dated January 10, 2012, plaintiff's in forma pauperis application was granted and plaintiff was afforded thirty (30) days to file an amended complaint if he wished to continue with this action. Dkt. No. 5. Currently pending is plaintiff's amended complaint. Dkt. No. 6.

**II.    Initial Screening**

      Having previously found that plaintiff meets the financial criteria for commencing this case in forma pauperis, the sufficiency of the allegations set forth in the amended complaint

must now be considered in light of 28 U.S.C. §§ 1915(e) and 1915A.  The legal standards governing the dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A were discussed at length in the previous Decision and Order, and will not be restated in this Decision and Order.

### III.     Review of the Amended Complaint

As with plaintiff's original complaint, his amended complaint contains virtually no relevant facts.  Indeed, in the "FACTS" section of the court provided 42 U.S.C.§ 1983 ("Section 1983") form complaint, plaintiff states only that he "wish[es] a[] 42:1983 Prisoner Civil Rights for medical practice at Bare Hill Correctional Facility."  Dkt. No. 6 at 4.  Plaintiff alleges no other facts.[1]  He has once again failed to include the following information:  the date of the incident, any responsible parties, a prayer for relief, and how the sole defendant (Bare Hill Correctional Facility) was involved.  Thus, while it appears plaintiff may be attempting to raise a claim of deliberate indifference to his serious medical needs, his vague statement that he "wish[es]" to commence a Section 1983 action "for medical practice at Bare Hill," is wholly insufficient to state a claim upon which relief may be granted.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) ("a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'")); Sheehy v. Brown, No. 08-0102-cv, 2009 WL 1762856, at *1 (2d Cir. Jun. 23, 2009) ("[Allegations] so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal.).  Accordingly, it is found that the amended

---

[1] Plaintiff's original complaint alleged the following: "I ha[d] an accident[.] I fell on the floor while doing my . . . job assignment and sp[rained] my ankle [and] left foot."  Dkt. No. 1 at 5.  Although the amended complaint fails to include this information (or any other relevant facts), it is likely that plaintiff is referring to this incident in his amended complaint when he states that he "wish[es]" to commenced a Section 1983 action for "medical practice."  Dkt. No. 6 at 4.

2

complaint fails to state a claim upon which relief may be granted and the amended complaint will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

Nor will plaintiff be afforded a second opportunity to amend his complaint. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Here, plaintiff's amended complaint contains even fewer facts than his original complaint, and there is nothing to suggest that a third attempt will be more productive.

Therefore it is

ORDERED that

1. Plaintiff's amended complaint, Dkt. No. 6, is DISMISSED for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and 28 U.S.C. § 1915A(b)(1); and

2. The Clerk serve a copy of this Decision and Order on plaintiff.

Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Decision and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 27, 2012
       Utica, New York.

3